IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )          No. 3:06-CR-170
                                   )          (JORDAN/SHIRLEY)
v.                                 )
                                   )
FERNANDO TIJERINA,                 )
                                   )
          Defendant.               )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district

court as may be appropriate. This cause came before the undersigned on September 10, 2007, for

a motion hearing on Defendant Tijerina's Motion for List of Government Witnesses [Doc. 34],

Motion for a Bill of Particulars [Doc. 36], and Motion to Sever.[1] [Doc. 37] Assistant United States

Attorney Tracee Plowell was present representing the government. Attorney Brian J. Hunt was

present representing Defendant Tijerina, and attorney Charles Flood was present representing

Defendant Rodriguez. Defendants Tijerina and Rodriguez were also present. The Court will

address each motion in turn.

### I. Motion for List of Government Witnesses [Doc. 34]

In his first motion, Defendant Tijerina moves the Court to order the government to

provide a list of the witnesses the government intends to call at trial. At the hearing, the government

_____

[1]The Court also heard oral argument on Defendant Tijerina's Motion to Suppress [Doc. 39], but that motion will be addressed in a Report and Recommendation to follow.

1

indicated that it would provide the defendants with all <u>Jenks</u> and <u>Giglio</u> material approximately seven days in advance of trial, but that it otherwise opposed the motion.

The Sixth Circuit has held that "[o]rdinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." <u>United States v. Perkins</u>, 994 F.2d 1184, 1190 (6th Cir. 1993) (citing Fed. R. Crim. P. 16). In light of <u>Perkins</u>, and in the absence of any evidence that Defendant Tijerina would be unduly prejudiced should his motion be denied, the Court finds that the Defendant's motion [Doc. 34] is not well-taken and the same is hereby **DENIED**.

## II. Motion for a Bill of Particulars [Doc. 36]

In his second motion, Defendant Tijerina moves the Court to order the government to file a bill of particulars setting out the following details: the approximate date of Defendant Tijerina's entry into the conspiracy; the agreement entered into by Defendant Tijerina with the other conspirators; when that agreement was reached; and any acts or actions which directly or circumstantially demonstrate membership in the conspiracy, as well as a description of the actions and when the actions occurred.

During the hearing, the government indicated that the events in question occurred in the Eastern District of Tennessee and in the "stash house" located in the Northern District of Georgia, specifically, in Forsyth County. The government further indicated that the events in question occurred in the two year period set forth in the Superseding Indictment. [Doc. 16.] Additionally, the government stated that it had allowed the defendants some open file discovery in this case. The government opposed providing any further specifics, arguing that revealing any further details would provide the defendants with insight into the government's legal strategy.

The Sixth Circuit has held that

> [t]he purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense when the indictment itself is too vague, and indefinite for such purposes.

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). However, a bill of particulars may not be used as "a tool for the defense to obtain disclosure of all evidence held by the government before trial", nor as a means of gaining insight into the government's legal theories. United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983).

After a review of the Superceding Indictment [Doc. 16], the Court finds that the Superceding Indictment, coupled with the statements of government's counsel at the hearing and the discovery in this case, all provide sufficient details to the defendants to allow them to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable them to plead their acquittal or conviction in bar of another prosecution of the same offense. Birmley, 529 F.2d at 108. Accordingly, Defendant Tijerina's second motion [Doc. 36] is **DENIED**.

## III. Motion to Sever [Doc. 37]

In his third motion, Defendant Tijerina moves the Court to sever the trial of Defendant Tijerina from that of his co-defendants. As grounds, Defendant Tijerina states that failure to sever would result in substantial prejudice and possibly deny him the right to confront witnesses. Specifically, Defendant Tijerina argues that the evidence against his co-defendants is much more extensive than the evidence against Defendant Tijerina, thus creating a risk that the jury might be swayed by spill-over evidence when considering the charges against Defendant Tijerina. The

defendant further argues that the government may introduce post conspiracy statements made by Defendant Tijerina's co-defendants, and that, should the co-defendants elect not to testify, Defendant Tijerina would be denied his constitutional right to confront witnesses presented against him. The government opposes the defendant's motion and contends that it will not seek to introduce at trial any post-conspiracy statements made by Defendant Tijerina's co-defendants.

Assuming proper joinder in the indictment, it is well-settled that absent a serious risk of compromise to a specific trial right, individuals indicted together should be tried together. United States v. Davis, 170 F.3d 617, 621 (6th Cir. 1999). Initially, the Court notes that Defendant Tijerina does not contend that joinder in this case is improper under Rule 8 of the Federal Rules of Criminal Procedure. Rather, Defendant Tijerina contends that joinder is so prejudicial to him that severance should be ordered. Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). No right to severance arises because the evidence against one defendant is "far more damaging" than the evidence against another defendant. United States v. Causey, 834 F.2d 1277, 1288 (6th Cir. 1987), or merely because the likelihood of acquittal would be greater if severance were granted. United States v. DeFranco, 30 F.3d 664, 669 (6th Cir 1994). To the contrary, it is well-established that to be entitled to a severance, a defendant must show "substantial," "undue," or "compelling" prejudice. United States v. Lopez, 309 F.3d 966, 971 (6th Cir. 2002) (defendant failed to demonstrate "substantial," "undue," or "compelling" prejudice due to spillover evidence against co-conspirator).

After considering the arguments presented before and against severance, the Court finds that Defendant Tijerina has not made the showing of substantial, undue, or compelling prejudice necessary to support his motion to sever. In addition, given the government's indication that it does not intend to present any post-conspiracy statements made by Defendant Tijerina's co-conspirators, the Court finds that a failure to sever will not result in a violation of the Confrontation Clause. Accordingly, Defendant's motion [Doc. 37] is hereby **DENIED**.

IV. **Conclusion**

For the reasons described above, Defendant Tijerina's motions [Docs. 34, 36, 37] are hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge