UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | No.  3:06-CR-170 |
| v. | ) | (JORDAN/SHIRLEY) |
| | ) ) ) | |
| FERNANDO TIJERINA, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 10, 2007, for a motion hearing on Defendant Tijerina's Motion to Suppress. [Doc. 13.] Assistant United States Attorney Tracee Plowell was present representing the government. Attorney Brian J. Hunt was present representing Defendant Tijerina, and attorney Charles Flood was present representing Defendant Rodriguez. Defendants Tijerina and Rodriguez were also present.

Defendant Tijerina ("Defendant") moves the Court to suppress all evidence obtained by law enforcement officers during the execution of the search warrant on Defendant's residence on May 26, 2006. Defendant also moves the Court to suppress the photo identification performed by confidential informant "Harmon." Defendant contends that the search warrant, in setting forth the items to be seized, used the following language: "The property to be searched for include but are not limited to. . . ." Defendant contends that the use of this open ended phrase violates the particularity requirement of the Fourth Amendment and that the fruits of the search should be

suppressed. The Defendant also argued orally at the motion hearing that a "shed" was searched and was not described in the search warrant as a place to be searched. With respect to the photo identification, Defendant contends that the identification was unduly suggestive and involved a substantial likelihood of irreparable misidentification, and thus should be suppressed. Because no evidence, other than the search warrant was introduced, and because the arguments were based solely on the language of the search warrant, a four corners review of the search warrant is the proper analysis in this case.

### I. Search Warrant

Defendant first objects to the execution of the warrant in this case, contending that the warrant was overbroad and did not describe the items to be seized with particularity. The Fourth Amendment requires that search warrants describe the items to be searched for and seized with particularity so as to "eliminate the danger of unlimited discretion in the executing officer's determination of what is subject to seizure." U.S. Const. amend. IV.; United States v. Greene, 250 F.3d 471, 476-77 (6th Cir. 2001) (citing United States v. Blakeney, 942 F.2d 1001, 1026 (6th Cir. 1991)). While a "general order to explore and rummage" is not permitted, id., "the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." Greene, 250 F.3d at 477 (citing United States v. Ables, 167 F.3d 1021, 1033 (6th Cir. 1999)). Consequently, a description is "valid if it is as specific as the circumstances and the nature of the activity under investigation permit." Id. However, infirmity due to overbreadth does not doom the entire warrant; rather, it "requires the suppression of evidence seized pursuant to that part of the warrant. . ., but does not require the suppression of anything described in the valid portions of the warrant (or lawfully seized–on plain view grounds, for example-during their execution)."

2

Greene, 250 F.3d at 477 (citing United States v. Brown, 984 F.2d 1074, 1077 (6th Cir. 1993)).

During the hearing, the government submitted into evidence the Affidavit & Application For A Search Warrant (the "Affidavit") as Exhibit 1. The Affidavit states, in pertinent part, that:

> The list of certain property, items, articles, instruments, to be searched for and seized are located in FORSYTH County, Georgia and are specifically described as follows: the items to be searched for include the following, but are not limited to marijuana, contraband, controlled substances, packaging material, scales, pies and drug ledgers depciting/referencing the sale, transactions, or distribution of said narcotics. Address and/or telephone books, records, credit card statements, invoices, receipts, financial statements, currency, money wrappers and other items evidencing the obtaining, secreting, transfer concealment and/or expenditure of money constituting the proceeds of drug trafficking. Electronic equipment such as computers, currency counting machines, cellular phones and related equipment used to generate, transfer, count, record/or store the information described in this paragraph. Indicia of occupancy, residency, rental and/or ownership agreements, utility bills, telephone bills, keys to vehicles, firearms and ammunition. The curtilage of the residence is to be searched as well as any and all outbuildings, sheds, vehicles/person(s) on the property. Any persons or vehicles that arrive on the property during the execution of the warrant.

[Exhibit 1.] Thus, it is clear that the Affidavit sets forth a detailed list of items to be searched for and seized and the Court finds this list of items comports with the Fourth Amendment's particularity requirement. However, by using the language "the items to be searched for include the following, but are not limited to," the Affidavit does create the possibility that items not described with particularity might be seized. During the hearing, the Court inquired as to whether any items not described with particularity were seized during the execution. Both parties agreed that all of the items actually seized were items contained in the list and thus were described with particularity.

As the Court noted above, in this instance, the law does not require the suppression of seized items that were described with the proper level of particularity, only those items not properly described. Greene, 250 F.3d at 477. Given that apparently no items falling under the Affidavit's "include the following, but are not limited to" language were seized, there is nothing for the Court to suppress. Had there been, the Court would likely have recommended they be suppressed absent an independent showing of a basis for their seizure. With regard to the "shed" argument, the Court notes that the search warrant indicates that "[t]he curtilage of the residence is to be searched as well as any and all outbuildings, sheds, vehicles/person(s) on the property." Thus, the "shed" issue is without merit. Accordingly, the Court **RECOMMENDS** that Defendant's motion to suppress [Doc. 39] be denied with respect to the execution of the search warrant.

**II.     Photo Identification**

Defendant next objects to any use by the government of a prior photo identification of Defendant by confidential informant "Harmon." Defendant contends that the photo identification was impermissibly suggestive, thus rendering it unconstitutional. In a supplemental response, the government has indicated that it will not seek to introduce the photo identification at trial. Given that the proper remedy for an impermissible identification is the suppression of the identification, Simmons v. United States, 390 U.S. 377 (1968), and given that the government has agreed not to use the photo identification at trial, the Court **RECOMMENDS** that Defendant's motion be **DENIED as moot** with respect to the photo identification, based on the government's agreement noted above.

**III. Conclusion**

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendant Fernando Tijerina's Motion to Suppress [Doc. 39] should be **DENIED** with respect to the evidence obtained from the execution of the search warrant and **DENIED as moot** with respect to the photo identification.[1]

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed with the clerk of the court within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).