IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-170 |
| | ) | |
| FERNANDO TIJERINA | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation [doc. 53]. The government has responded [doc. 54], and the objections are ripe for the court's consideration. For the reasons discussed below, the objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

In his report and recommendation, the magistrate judge found that any alleged overbreadth of the language in the search warrant did not require

suppression of items that were particularly described; that the warrant specifically provided for the search of the shed on the defendant's property; and that the issue concerning the photographic identification of the defendant was moot given that the government does not intend to use that evidence. In his objections, the defendant complains only about the magistrate judge's conclusion related to the overbroad language of the search warrant.

The search warrant states: "the items to be searched for include the following, but are not limited to . . . ." The defendant contends that this language did not limit the officers' discretion as to what could be seized, rendering the search warrant invalid on its face. In response, the government argues that the magistrate judge was correct in concluding that the law in the Sixth Circuit does not require suppression of the specific items listed in the search warrant; suppression is required only for items seized pursuant to the overbroad language.

In *United States v. Blakeney*, 942 F.2d 1001, 1027 (6th Cir. 1991), the Sixth Circuit held that a "finding of overbreadth regarding the use of [a] generic term . . . does not require suppression of all of the items seized pursuant to the warrant. We believe the proper approach to the dilemma is to sever the infirm portion of the search warrant from the remainder which passes constitutional muster." *See also United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001) ("infirmity due to overbreadth does not doom the entire warrant"). In the instant case, the parties agreed that there were no items seized during the

2

search that were not specifically listed on the warrant. Thus, under *Blakeney* there is nothing that requires suppression.

The court **ADOPTS** the report and recommendation [doc. 52] in its entirety. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motion to suppress evidence [doc. 39] is **DENIED**.

ENTER:

    *s/ Leon Jordan*
United States District Judge